UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALAA ELKHARWILY, M.D.,

                Plaintiff,

    v.

FRANCISCAN HEALTH SYSTEM,

                Defendant.

CASE NO. 3:15-cv-05579-RJB

SECOND ORDER ON PLAINTIFF'S
MOTION TO COMPEL
DISCOVERY RESPONSES

THIS MATTER comes before the Court on Plaintiff's Motion to Compel Discovery
Responses. Dkt. 42. The Court previously ruled on the motion in part and continued it in part for
further briefing. Dkt. 59 at 9. The Court has considered the pleadings filed in support of and in
opposition to the motion, Dkts. 48, 53, including Defendant's surreply, Dkt. 65, and the
remainder of the file herein.

**A.  Archived emails.**

Plaintiff's motion requests, *inter alia*, that the Court compel Plaintiff's Request for
Production #8 and Request for Production #9. The Court's Order on Plaintiff's Motion to
Compel (Dkt. 59) granted the request in part, as to the production of live emails, and continued

1    the request in part, as to the production of archived emails, for Defendant to have the opportunity

2    to file a surreply. Dkt. 59 at 9. According to the Order, Plaintiff's Reply introduced "new factual

3    representations [that] could be grounds for a motion to strike . . . [but] because of the burden

4    shifting of Fed. R. Civ. P. 26(b)(2)(B), which allows Plaintiff to rebut Defendant's showing that

5    electronic information is reasonably accessible, a surreply . . . is appropriate." *Id* at 6. The Court

6    now considers the merits of Plaintiff's motion to compel archived emails.

7          1.   Factual background.

8    *Discovery requests.*

9          Plaintiff's Request for Production #8 seeks Defendant's "[production of] all emails and

10   text messages concerning Plaintiff between employees, agents or attorneys of Defendant." Dkt. 42 at

11   3. Plaintiff's Request for Production #9 extends the same request to emails and messages between

12   Defendant's employees, agents or attorneys and third parties: "(1) Plaintiff, (2) any employee, agent

13   or attorney of Group Health, (3) any employee, agent or attorney of any former employer of Plaintiff

14   and (4) any employee, agent or attorney of the National Practitioners Data Bank [NPDB]." *Id*.

15         Defendant provided Plaintiff with the same response to both requests for production as

16   follows:

17         Defendant objects to this request on the grounds that this request is overbroad and
           burdensome. Defendant further objects to the extent that this request seeks documents which
18         are protected by the attorney-client and/or work product privileges. Without waiving and
           subject to these objections, Defendant responds: Defendant does not have an email archiving
19         system. This means there is no single location or application that can be queried for email
           matching specified criteria. Email can only be searched if it is maintained in a live email
20         account. To locate documents responsive to this request, Defendant searched the live email
           accounts of the following custodians: Dr. Dennis deLeon, Dr. Tony Haftel, Dr. Mark Adams,
21         Dr. William Cammarano, and Ms. Kim Nighswonger. Non-privileged responsive documents
           are attached as FHS 000968 to FHS 000973. Defendant also refers to the emails previously
22         produced with Defendant's initial disclosures as well as by Plaintiff in this matter.

22   *Id*.

23   *Defendants email archiving system.*

24

SECOND ORDER ON PLAINTIFF'S MOTION TO
COMPEL DISCOVERY RESPONSES- 2

1    Defendant represents that it does not maintain an email archiving system, but rather

2  archives emails on a monthly basis on physical backup tapes, as part of a disaster relief program.

3  Dkt. 49 at 5. Defendant represents that in order to retrieve all responsive discovery, Defendant

4  would need to retrieve, restore, and review each backup tape, which at 14 hours per tape would

5  require 1,400 hours in labor and $157,500 in costs. *Id*.

6  *Declarations of Plaintiff and Mr. Bruce Megard.*

7    In a signed declaration, Plaintiff declares:

8    5. Right after the end of my last appeal in May 2013 I asked Mr. [Bruce] Megard
     [Defendant's lawyer] and Josh[ua Weaver] (the lawyer conducting my last hearing) if I
9    could get copies of all emails (whether produced or not), minutes, documents, or any in
     writing note that was used in the process of my appeal or not produced for any reason.
10   They both refused.

11   6. After [Defendant's] Board issued its final decision denying my application for
     privileges, which was July 2013, I called Mr. Megard immediately again and I asked
12   him to send me copies of everything again and I told him at least I need copies of the
     emails and documents produced and were used in the entire privilege process. He
13   refused and said Washington law does not allow him to send me any copies. He asked
     me why I needed those and I told him I am filing a law suit [sic]. Mr. Megard said, "I
14   advise you not to. You are going to lose time and money and you will lose." I said,
     "Well, I will let the judge and jury decide that."
15
   Dkt. 55 at 2.
16
17   Mr. Bruce Megard, Defendant's lawyer, states in a signed declaration that he has no

18  recollection of the telephone conferences referred to in Plaintiff's declaration, but that if Mr.

19  Megard had been asked, he "would have informed [Plaintiff] that all discovery documents under

20  FHS's Medical Staff Bylaws had already been produced during the course of the appeal process

21  and that additional disclosures were not permitted under those same Bylaws. Dkt. 66 at ¶¶2, 3.

22  Mr. Megard affirms that he keeps billing entries for teleconferences and has found no time

23  entries for conversations with Plaintiff during the relevant timeframe.

24

SECOND ORDER ON PLAINTIFF'S MOTION TO
COMPEL DISCOVERY RESPONSES- 3

1    While Mr. Megard did not find any emails directed to him, Mr. Megard was carbon

2    copied in an email from Plaintiff to Joshua Weaver, attorney for FHS' Appellate Review

3    Committee. Dkt. 66-1 at 1-3. The email, dated July 25, 2013, appears to be a response by

4    Plaintiff to the Appellate Review Committee's Final Recommendation to deny Dr. Elkharily's

5    request for Active Medical Staff membership and privileges. Dr. Elkharily writes, "Thank you

6    Mr. Weaver for letting me know the decision. I guess there is nothing else I can do. Best wishes,

7    Alaa[.]" *Id.* at 2.

8        2.   <u>Discovery standard.</u>

9        Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any

10   nonprivileged matter that is relevant . . . and proportional[.]" The rule enumerates considerations

11   when weighing proportionality: (1) the importance of the issues at stake in the action, (2) the

12   amount in controversy, (3) the parties' relative access to relevant information, (4) the parties'

13   resources, (5) the importance of the discovery in resolving the issues, and (5) whether the burden

14   or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). The

15   discovery rule further provides that, "On motion by a party or *sua sponte* courts must limit

16   discovery that is unreasonably cumulative or duplicative, or can be obtained from a more

17   convenient, less burdensome, or less expensive source. Fed.R.Civ.P. 26(b)(2)(C)(ii). Specific to

18   electronically stored information, a party "need not provide discovery . . . [when] not reasonably

19   accessible because of undue burden or cost." However, if that showing is made, "the court may

20   nonetheless order discovery . . . if the requesting party shows good cause[.]" Fed.R.Civ.P.

21   26(b)(2)(B).

22

23

24

3.  <u>Discussion.</u>

Defendant argues that the archived emails are not readily accessible, costly to restore, and of only minimal discovery value. Defendant also argues that Plaintiff has not exhausted more easily accessible information and has not identified what kind of material Plaintiff believes will be found on the backup tapes, so compelling production of archived emails "amounts to an extremely expensive fishing expedition." Dkt. 48 at 7.

Plaintiff does not discredit Defendant's argument about the burden or cost of producing the archived emails, but, Plaintiff argues, Defendant is at fault. Defendant should have preserved emails in an accessible format, rather than archiving them, because around July of 2013 Plaintiff expressly requested them after his appeal was denied, and he warned Defendant of future litigation, which also triggered their preservation. Dkt. 53 at 2, 3.

The emails that Plaintiff seeks to compel are discoverable under Fed. R. Civ. P. 26(b)(1), but Defendant has met its burden to show that retrieving the electronically stored information would result in an undue burden and cost to Defendant. Fed. R. Civ. P. 26(b)(2)(B). Defendant estimates $157,500 in costs to retrieve, restore, and review the backup tapes for responsive archived emails.

Because Defendant has met its burden, the Court considers whether Plaintiff has shown good cause, because if so, "the court may nonetheless order discovery[.]" Fed. P. Civ. P. 26(b)(2)(B). Plaintiff has not met his burden. *See* Dkts. 42, 53. Tellingly, Plaintiff does not name individuals that Plaintiff believes exchanged emails about Plaintiff, nor does Plaintiff describe suspected content of the emails. Plaintiff does not even represent with any surety that responsive emails exist. Because Plaintiff has not met his burden for good cause, compelling production of the discovery at expense to Defendant is not warranted.

1        Plaintiff's blame-shifting is unpersuasive, because as between Mr. Megard's and

2  Plaintiff's conflicting declarations, Mr. Megard's should be given more weight, for two reasons.

3  First, Mr. Megard, who practices law and bills time to clients for telephone conferences, has no

4  record of any phonecalls from Plaintiff. Second, Mr. Megard's memory is consistent with the

5  email exchange between Plaintiff and Mr. Weaver in July 2013, where Plaintiff stated that "I

6  guess there is nothing else I can do [to appeal denial of privileges]."

7        Although Plaintiff has not met his burden to show good cause, which would overcome

8  Defendant's showing that producing the archived emails is costly and burdensome, the archived

9  emails are "discoverable" under Fed. R. Civ. P. 26(b)(1). Therefore, upon a request by Plaintiff,

10  Defendant should facilitate access to the discovery, but should do so only at Plaintiff's expense,

11  payable in advance. Plaintiff should be responsible for all costs, such as retrieving and restoring

12  the backup tapes to an accessible format, except for costs relating to Defendant's review of the

13  information for privileged material (which is like any other discovery request, e.g., the live

14  emails).

15        Defendant should not otherwise be compelled to produce the archived emails, and to that

16  extent Plaintiff's motion should be denied.

17    **B.  <u>Request for Clarification.</u>**

18        Plaintiff's Interrogatory #7 requests that Defendant "[i]dentify by name, address, race,

19  and national origin each physician who applied for privileges . . . in 2011-2013," and the Court

20  ordered Defendant to answer "to the extent that Defendant submitted privilege denial data to the

21  [National Practitioners Data Bank] NPDB." Dkt. 59 at 8. Defendant's surreply requests

22  clarification of whether Defendant may redact the names of the physicians in its answer, because

23  of the sensitive nature of privilege denials.

24

1      Defendant may not redact the names and addresses, because although it may be sensitive

2  information, the Court is aware of no reason why a protective order, properly raised under the

3  rules, would be inadequate to address Defendant's legitimate concern.

4                                       \* \* \*

5      Therefore, it is HEREBY ORDERED that the remainder of Plaintiff's Motion to Compel

6  (Dkt. 42), which the Court previously continued for further briefing (Dkt. 59 at 9), is DENIED.

7      The Clerk is directed to send uncertified copies of this Order to all counsel of record and

8  to any party appearing *pro se* at said party's last known address.

9      Dated this 29th day of July, 2016.

10

11

12                        ROBERT J. BRYAN
                         United States District Judge