UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALAA ELKHARWILY, M.D.,<br><br>Plaintiff,<br><br>v.<br><br>FRANCISCAN HEALTH SYSTEM,<br><br>Defendant. | CASE NO. 3:15-cv-05579-RJB<br><br>ORDER ON DEFENDANT'S MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESS WILLIAM G. BRANDT |

THIS MATTER comes before the Court on Defendant Franciscan Health System's Motion to Exclude Plaintiff's Expert Witness William G. Brandt. Dkt. 46. The Court has considered the pleadings, including Plaintiff's Response (Dkt. 67) and Defendant's Reply (Dkt. 70), and the remainder of the file herein.

Review of the procedural history helps to resolve Defendant's motion. On December 2, 2015, the Court set a deadline of March 23, 2016 for expert witness disclosures. Dkt. 26 at 1. On March 22, 2016, the Court—having considered the parties' stipulation—continued the deadline from March 23, 2016 to April 29, 2016. Dkt. 30 at 2. Plaintiff's attorney filed a Notice of

1 | Appearance on April 21, 2016. Dkt. 33. The deadline for filing dispositive deadlines was July 11,
2 | 2016, and trial is set for October 11, 2016. Dkt. 41.

3 |       Plaintiff's counsel disclosed William Brandt, an economist, as an expert on June 3, 2016,
4 | along with Mr. Brandt's report.  According to Plaintiff, on May 19, 2016, at Plaintiff's
5 | deposition, "counsel for Defendant ask [*sic*] Plaintiff if his damages figures were his own or
6 | from an economist . . . This prompted Plaintiff to seek an economist." Dkt. 67 at 2.

7 |       Under Fed. R. Civ. P. 37(c)(1), when a witness is not disclosed, "the party is not allowed
8 | to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial[.]" There are two
9 | express exceptions of Rule 37(c)(1) to "ameliorate [its] harshness," namely, if the failure to
10 | disclose is "substantially justified or harmless." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
11 | 259 F.3d 1101, 1106 (9th Cir. 2001); Fed. R. Civ. P. 37(c)(1). The burden to show an exception
12 | applies falls on the party facing sanctions. *Id*. at 1107.

13 |       Plaintiff makes multiple arguments: although the report was served 33 days late, it was
14 | well before the summary judgment deadline of July 19, 2016; Plaintiff "has simply done what he
15 | can"; there is no surprise or prejudice to Defendant, because Plaintiff's damages theory that Mr.
16 | Brandt advances is the same as before; Mr. Brandt's testimony will aid the jury; and Plaintiff has
17 | not acted in bad faith.

18 |       Most of Plaintiff's arguments do not address the crucial issue, whether Plaintiff's failure
19 | to disclose his expert witness is harmless or substantially justified. Nonetheless, if Mr. Brandt's
20 | testimony is as helpful as Plaintiff argues, then allowing the late disclosure cannot be harmless to
21 | Defendant, when nearly all discovery had been completed. Arguing that Plaintiff discovered the
22 | need for an expert witness at Plaintiff's own deposition shows carelessness at best, because
23 | Plaintiff—before he had counsel—had deliberately contemplated the possibility of experts. *See*
24 |

Dkt. 30. Retaining counsel only added to Plaintiff's sophistication, and Plaintiff's attorney did not request an extension of the deadline.

Plaintiff has not his burden under Fed. Civ. P. 27(c)(1) to set aside the disclosure deadline. Defendant's motion should be granted.

\* \* \*

Therefore, it is HEREBY ORDERED that Defendant's Motion to Exclude Plaintiff's Expert Witness William G. Brandt (Dkt. 46) is GRANTED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 2nd day of August, 2016.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge