UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| ALAA ELKHARWILY, | CASE NO. 3:15-cv-05579-RJB |
|---|---|
| Plaintiff, | ORDER ON DEFENDANT FRANCISCAN HEALTH SYSTEM'S MOTION TO DISMISS AND/OR FOR IMPOSITION OF SANCTIONS PURSUANT TO FED. R. CIV. P. 37 |
| v. | |
| FRANCISCAN HEALTH SYSTEM, | |
| Defendant. | |

THIS MATTER comes before the Court on Defendant Franciscan Health System's Motion to Dismiss and/or For Imposition of Sanctions Pursuant to Fed. R. Civ. P. 37. The Court has considered the motion, Plaintiff's Response (Dkt. 93), Defendant's Reply (Dkt. 98), and the remainder of the file herein.

A. <u>Procedural background.</u>

Defendant and Plaintiff cite to extensive discovery background facts with little bearing on the primary issue presented by the motion, namely, the appropriate sanction for Plaintiff's failure to make timely pretrial disclosures under Fed. R. Civ. P. 26(a). An abbreviated timeline suffices.

1  Under Washington Local Court Rule 16(h), Plaintiff's Rule 26(a) pretrial disclosures were
2  due 30 days prior to the filing of the agreed pretrial order, on August 24, 2016. Dkt. 41 at 3. *See*
3  LCR 16(h). Defendant filed this motion on September 1, 2016. Dkt. 85. Defendant timely served
4  its pretrial disclosures by the deadline prescribed by the local rule, September 3, 2016, which is
5  20 days prior to the deadline for the agreed pretrial order. *Id*. Plaintiff made pretrial disclosures
6  beginning on September 6, 2016. Dkt. 94 at 2.

7  The parties filed an agreed pretrial order on September 23, 2016. Dkt. 100. Trial is set for
8  October 11, 2016, Dkt. 41 at 3.

9  B.  Discussion.

10  Under Fed. R. Civ. P. 26(a)(3)(B), plaintiffs must generally make certain pretrial
11  disclosures at least 30 days before trial. Washington Local Court Rule 16(h) modifies the general
12  rule, requiring plaintiffs to make Fed. R. Civ. P. 26(a) pretrial disclosures at least 30 days prior to
13  the filing the agreed pretrial order.  Violations of Fed. R. Civ. P. 26(a) may be sanctioned under
14  Fed. R. Civ. P. 37(c)(1), which provides:

15  (c) FAILURE TO DISCLOSE, TO SUPPLEMENT AN EARLIER RESPONSE, OR TO ADMIT.

16  (1) *Failure to Disclose or Supplement*. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information
17  or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the
18  court, on motion and after giving an opportunity to be heard:

19  (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
20  
21  (B) may inform the jury of the party's failure; and

22  (C) may impose other appropriate sanctions[.]

23

24
ORDER ON DEFENDANT FRANCISCAN
HEALTH SYSTEM'S MOTION TO DISMISS
AND/OR FOR IMPOSITION OF SANCTIONS
PURSUANT TO FED. R. CIV. P. 37- 2

Fed. R. Civ. P. 37(c). The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless. *Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir.2008).

Courts are given wide latitude in determining the proper remedy for Rule 26(a) violations. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir.2001). "[I]n the ordinary case, violations of Rule 26 may warrant evidence preclusion," but where, "in practical terms, the sanction amount[s] to dismissal," courts in this circuit must consider the availability of lesser sanctions, as well as "whether the claimed noncompliance involved willfulness, fault, or bad faith." *R & R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1247 (9th Cir. 2012).

Defendant takes issue with Plaintiff's late filing of his Rule 26(a) pretrial disclosures, which Defendant contends was neither substantially justified nor harmless, and is part of a "continuing pattern of non-compliance and/or disregard" for the rules. Dkt. 85 at 5. According to Defendant, the harm is that Defendant has been forced to address some evidentiary issues on a shortened schedule, which lessens Defendant's "valuable trial preparation time." Dkt. 98 at 5. Defendant argues that it has suffered strategic setbacks, because Defendant "has been forced to prepare its initial pretrial statement without knowing exactly what evidence Plaintiff intends to pursue . . . and what exhibits must be included that will not be offered[.]" Dkt. 85 at 6.

Plaintiff concedes the late service of his pretrial disclosures, which apparently occurred due to Plaintiff's lack of familiarity with the local rules. *See* LCR 16(h). Plaintiff distinguishes authority cited by Defendant and argues that dismissal is not an appropriate sanction where Plaintiff served pretrial disclosures 30 days prior to trial, which complies with the default federal rule, and where much of the disclosed content should have reasonably been anticipated and

ORDER ON DEFENDANT FRANCISCAN
HEALTH SYSTEM'S MOTION TO DISMISS
AND/OR FOR IMPOSITION OF SANCTIONS
PURSUANT TO FED. R. CIV. P. 37- 3

substantially overlaps with Defendant's pretrial disclosures. Dkt. 93 at 4-6. Plaintiff points to efforts made to mitigate the harm to Defendant, such as Plaintiff's offer to a pay a portion of the attorney fees for this motion and to meet in person with Defendant to streamline the submission of the agreed pretrial order. *Id*.

Because Plaintiff has made no showing that would justify Plaintiff's untimely pretrial disclosures (ignorance is no excuse), the focus of the Court's inquiry is on the harm to Defendant and the appropriate remedy. Plaintiff's late pretrial disclosures impacted Defendant's ability to prepare for trial, due to the compressed timeline, so the Court cannot find that the Rule 26(a) violation was harmless. However, Defendant exaggerates the harm. Review of the parties' agreed pretrial order reveals considerable agreement about the admissibility of witnesses and trial exhibits. For example, Defendant plans to call five witnesses, four of whom Plaintiff has identified as witnesses for his case in chief. Dkt. 100 at 4-9. The parties agree to the admissibility of over sixty trial exhibits, while Defendant objects to thirteen and Plaintiff to eight of the opposing party's trial exhibits. *Id*. 9-14. At most, the prejudice to Defendant is less time to file pleadings, as well as the burden of filing this motion, but this is not an overly complex case. Defendant must defend against one plaintiff alleging a single discrimination claim, and at the time that Plaintiff made his pretrial disclosures, Defendant had one month to prepare for trial.

Defendant ties Plaintiff's untimely pretrial disclosures in this instance to prior discovery violations, arguing that their sum total warrants dismissal. Having ruled on the prior discovery motions in this case, the Court is acutely aware of Plaintiff's missteps. Nonetheless, their sum total does not amount to showing of willfulness or bad faith. Defendant also argues that the Rule 26(a) pretrial disclosures included new discovery not previously disclosed. That issue will be addressed with respect to Defendant's motion *in limine*.

ORDER ON DEFENDANT FRANCISCAN
HEALTH SYSTEM'S MOTION TO DISMISS
AND/OR FOR IMPOSITION OF SANCTIONS
PURSUANT TO FED. R. CIV. P. 37- 4

Because Defendant endured only minimal harm due to the Rule 26(a) violation, excluding evidence, which would effectively result in dismissal, is not an appropriate remedy. Further, the Court cannot find bad faith or a willful disregard of the rules, under circumstances where Plaintiff abided by the general federal rule but apparently was unaware of the local rule, and where Plaintiff offered to pay some costs and to meet with Defendant in-person after learning of the mistake. Dismissal would be an excessive sanction. Rather than excluding evidence, the Court "(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions[.]" Fed. R. Civ. P. 37(c)(1). In this case, the appropriate sanction is for Plaintiff to pay Defendant for expenses incurred in filing this motion. Plaintiff previously offered to pay Defendant $2,000, Dkt. 94-1 at 16, which is a sufficient amount.

\* \* \*

THEREFORE, it is HEREBY ORDERED that Defendant Franciscan Health System's Motion to Dismiss and/or For Imposition of Sanctions Pursuant to Fed. R. Civ. P. 37 is GRANTED IN PART and DENIED IN PART.

The case is not dismissed, but Plaintiff is ordered to $2,000 to Defendant.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 26th day of September, 2016.

*Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge